IN THE COURT OF COMMON PLEAS, FRANKLIN COUNTY, OHIO

EVA M. PATTERSON          :
1440 Parkway Drive, Apt 10A  :
Melbourne, FL 32935       :  CASE NO. _____
                          :
      Plaintiff,          :
                          :
V.                        :  **COMPLAINT**
                          :  **AND JURY DEMAND**
EASTON MOTORCARS, LLC     :
dba KIA OF EASTON         :
2950 Morse Road           :
Columbus, Ohio 43231      :
                          :
      Defendant.          :

## PARTIES AND JURISDICTION

Now comes Plaintiff, and for her Complaint against Defendant, states the following:

1. Plaintiff, Eva Patterson, at all relevant times mentioned herein, was an employee of Defendant, Easton Motor Cars, LLC, dba Kia of Easton, located in the vicinity of Columbus, Franklin County, Ohio.

2. Plaintiff further states that all actions which give rise to this Complaint occurred in Franklin County, Ohio.

## FACTUAL BACKGROUND

3. Plaintiff further states that she began her employment with Defendant on July 30, 2018, as a sales consultant selling automobiles. Plaintiff states that, at the same time, said Defendant hired two male co-workers who were immediately given preferential treatment over Plaintiff as her male counterparts were allowed to begin selling cars immediately while Plaintiff was postponed from being able to sell cars which reduced the amount of time Plaintiff had to sell cars. However, despite this fact, Plaintiff's sales numbers were

1

**EXHIBIT 1**

virtually identical to the two other male salespersons that had been hired at the same time as Plaintiff.

4. Plaintiff further states that in the course of her employment with the Defendant, she was subject to sexual harassment from her male co-workers and supervisors including, but not limited to, Mark Roberts and Steve O'Callum, who would make unwanted sexual advances upon Plaintiff by complimenting her body in a rude and offensive way, by requesting Plaintiff send them nude photographs and by being generally offensive.

5. Plaintiff further states that she complained about the actions of a male co-worker to Defendant's management and little or no steps were taken by management to correct the behavior of the male dominated sales force and/or protect Plaintiff from harassment. Plaintiff states that one co-worker commented to her that working at Defendant's establishment was like working at a "boys club".

6. Plaintiff further states that despite the fact that she was harassed by her male counterparts sexually and other male salespersons were given preferential treatment, Plaintiff attempted to be a team player and continue her employment with said Defendant, however, after she made the complaint about the sexual harassment and offensive behavior of her co-worker, she was terminated by the Defendant on or about September 12, 2018. Plaintiff states that her termination was discriminatory in nature and the excuses made by the Defendant was a mere pretext.

## COUNT ONE–SEX DISCRIMINATION– TITLE VII

7. Plaintiff restates the allegations above as if same were fully rewritten.

8. Plaintiff further states that she is a protected category, before female, under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000, *et seq.*

9. Plaintiff further states that she was fully qualified for her position as a sales consultant with Defendant, at all relevant times.

10. Plaintiff further states that Defendant in its actions of discriminating against Plaintiff because of her gender include, but are not limited to, treating her worse than similarly situated male employees, creating a hostile work environment because of her gender, refusing her the same professional opportunities given to male colleagues, and by terminating Plaintiff from her employment without cause in violation of Title VII.

11. Plaintiff further states that Defendant's actions were willful, wanton, malicious, and in reckless disregard of Plaintiff's rights.

12. Plaintiff states, as a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered damages and is entitled to recovery pursuant to Title VII.

## COUNT TWO– SEX DISCRIMINATION – STATE LAW

13. Plaintiff restates the allegations above as if same were fully rewritten.

14. Plaintiff further states that she is in a protected category, being female, under §4112 of the Ohio Revised Code.

15. Plaintiff further states that she was qualified for her position as a sales consultant at Defendant's auto dealership at all relevant times mentioned herein.

16. Plaintiff further states that Defendant treated Plaintiff differently than her male co-workers because of Plaintiff's gender, in violation of Ohio Revised Code §4112.

17. Plaintiff further states that Defendant engaged in wrongful sexual discrimination and terminated Plaintiff from her employment on September 12, 2018, in violation of Ohio Revised Code §4112.

3

18. Plaintiff further states that Defendant's actions were intentional, willful, wanton, malicious and in conscious disregard for Plaintiff's rights.

19. Plaintiff further states that as a direct and proximate result of Defendant's conduct, Plaintiff has sustained damages for which she is entitled to recover under R.C. §4112.

## COUNT THREE– QUID PRO QUO SEXUAL HARASSMENT

20. Plaintiff restates the allegations above as if same were fully rewritten.

21. Plaintiff further states that Defendant's male co-workers, Mark Roberts and Steve O'Callum, made multiple sexual advances toward Plaintiff during her employment including, but not limited to, complimenting Plaintiff's body in a rude and offensive way and by attempting to compel Plaintiff to view pornography.

22. Plaintiff states that she made a complaint to Defendant concerning this harassment, however, Defendant failed and refused to take sufficient action to prevent further harassment and therefore engaged in ratification and approval of said harassment which did not stop after Plaintiff's initial complaint.

23. Plaintiff further states that after she made her complaint of sexual harassment, Defendant intentionally made it virtually impossible for Plaintiff to sell cars by forcing her to sell cars that were damaged or inferior while no male employees were placed in that position. Plaintiff states that Defendant's actions were designed to punish Plaintiff for reporting sexual harassment and a specific attempt by Defendant to cause Plaintiff to fail at her job and/or cause Plaintiff to resign her position.

24. Plaintiff states that Defendant's actions in engaging and ratifying the sexual harassment of Plaintiff by her male co-workers, and by punishing Plaintiff after her complaints of

sexual harassment, has caused Plaintiff to suffer extreme and debilitating emotional distress which has caused her to incur medical expenses and lost wages.

25. Plaintiff further states that she has sustained damages in an amount in excess of $25,000.

**COUNT FOUR – INTENTIONAL INFLICATION OF EMOTIONAL DISTRES**

26. Plaintiff restates the allegations above as if same were fully rewritten.

27. Plaintiff further states that at all times mentioned herein, the actions of the Defendant were intentional and that it ratified the actions of its employees who engaged in outrageous behavior including but not limited to sexual harassment and sexual discrimination which caused Plaintiff to suffer embarrassment, mental anguish, loss of reputation, loss of self-esteem, and other emotional distress, as well as caused Plaintiff physical injury in the form of other adverse health effects.

28. Plaintiff further states that Defendant acted willfully, maliciously, with spite and ill will and with a reckless disregard for Plaintiff's rights.

29. Plaintiff further states that, as a direct and proximate result of Defendant's actions, she has sustained damages in an amount in excess of $25,000.

**WHEREFORE**, Plaintiff prays for the following relief: Compensatory damages against Defendant in an amount in excess of $25,000; punitive damages against Defendant in an amount in excess of $100,000; reimbursement of Plaintiff's reasonable attorney's fees and expenses; and for any such other relief as the Court deems just and equitable.

_D. Joe Griffith (0055499)_
DAGGER, JOHNSTON, MILLER,
OGILVIE & HAMPSON, LLP
144 E. Main Street, P.O. Box 667
Lancaster, OH 43130
(740)653-6464
(740)653-8522 - Fax
djgriffith@daggerlaw.com
Attorney for Plaintiff

### JURY DEMAND

Plaintiff hereby requests that this matter be heard before a jury of eight (8) persons.

_D. Joe Griffith (0055499)_
DAGGER, JOHNSTON, MILLER,
OGILVIE & HAMPSON, LLP
Attorney for Plaintiff

6

## VERIFICATION

Eva M. Patterson, being first duly sworn, deposes and says that she is the Plaintiff in the above-styled action and the facts stated above and allegations contained in the Complaint are true and accurate as she verily believes.

_____
Eva M. Patterson

Sworn to before me and subscribed in my presence this 13 day of May, 2019.

APRIL NICHOLS
Notary Public - State of Florida
Commission # GG 204382
My Comm. Expires May 9, 2022

_____
Notary Public/State of Florida

7

EEOC Form 161-B (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | Eva M. Patterson<br>2373 N 4th St<br>Columbus, OH 43202 | From: | Cleveland Field Office<br>EEOC, AJC Fed Bldg<br>1240 E 9th St, Ste 3001<br>Cleveland, OH 44199 |
|---|---|---|---|

☐ On behalf of person(s) aggrieved whose identity is *CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 532-2018-02843 | Sabrina R. Shifman,<br>Investigator | (216) 522-7680 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☐ More than 180 days have passed since the filing of this charge.

☒ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Cheryl J. Mabry,
Director

MAR 19 2019
*(Date Mailed)*

Enclosures(s)

cc: Regina Purnell
Controller
Great Lakes Honda
43 Pruitt Blvd.
Akron, OH 44310

D. Joe Griffith, Attorney at Law
DAGGER LAW
144 East Main Street
Lancaster, OH 43130-0667



EXHIBIT A

Enclosure with EEOC
Form 161-B (11/16)

# INFORMATION RELATED TO FILING SUIT
# UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should keep a record of this date. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit <u>before 7/1/10</u> – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, please make your review request <u>within 6 months</u> of this Notice. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*